### HAIGHT v. COHEN.

(Supreme Court, Appellate Division, Second Department. January 24, 1908.)

1. EVIDENCE—PAROL EVIDENCE—SUBSEQUENT ORAL CONTRACT.
    In an action for rent, exclusion of proof of an oral agreement, subsequent to the lease, that in consideration that the lessee would repair the demised premises before the beginning of the term to meet the requirements of the tenement house department, the rent would be reduced $200 per annum, was reversible error, for it was not an attempt to vary a written contract by parol, but merely to prove a subsequent parol contract modifying it.

2. LANDLORD AND TENANT—MODIFICATION OF LEASE—CONSIDERATION.
    Where a tenant, after entering into a lease, agrees with the landlord to repair the premises before the term begins so as to satisfy the requirements of the tenement house department, it is a sufficient consideration for an agreement for a reduction of the rent reserved in the written lease by $200 a month, though the lease requires the tenant to make all repairs at his own cost; this provision only applying to repairs after the term has begun.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 93–95.]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Abner S. Haight, as trustee in bankruptcy of Hirschman Bros., against Isaac Cohen. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Benjamin Reass, for appellant.
Theodore B. Richter (Julius Henry Cohen, on the brief), for respondent.

HOOKER, J. The action is for rent. The lease, made seven or eight months before the term was to begin, was in writing, and provided, among other things, that the annual rental should be $2,700, and that "the tenant shall take good care of the premises and make all necessary inside and outside repairs thereto at his own cost and expense, and at the end or other expiration of the said term shall deliver up the demised premises in good order or condition, damages by the elements excepted." Upon the trial the defendant offered to show that prior to the time he was to enter into possession of the premises he had a talk with the then owners, in which he found fault with the condition of the premises, and with the fact that a so-called violation had been filed against them in the tenement house department, and that the defendant and the lessors agreed together that, if the defendant would make repairs necessary to put the premises in good condition and would cause the said violation to be removed, the annual rental should be reduced from $2,700 to $2,500; and the defendant did so. It does not appear in so many words that this oral agreement was made subsequent to the written lease; but the only fair interpretation of the language of the offer is that such was the case, for the parties would not have been arranging for an

annual rental different from that mentioned in the lease until after the lease itself had been made. The offer was rejected, and the evidence excluded. This was error, for which the judgment should be reversed. The trial court excluded the evidence on the theory that it was an offer to vary by parol the terms of a written contract. This is not such a case. The arrangement being subsequent to the written contract, it was perfectly competent for the parties to make a contract either in parol or in writing which should supersede the lease, either in part or in whole. The defendant claimed that the lessor agreed before the lease was made that the premises, the subject of the lease, should be in good condition, and not incumbered with any so-called violations. Consideration for such subsequent agreement is to be found in the circumstance that the defendant was to make repairs before the term commenced and remove the violations that then existed, which by the terms of the written lease he was not required to do, for the lease itself dealt only with the defendant's obligation in these respects during the term.

The judgment must therefore be reversed, and a new trial ordered.

Judgment of the Municipal Court reversed and new trial ordered; costs to abide the event. All concur.