CHRISTIAN S. JUELL, Respondent, *v.* THE EXPORT STEAMSHIP CORPORATION, Appellant.

First Department, July 14, 1922.

Principal and agent — action to recover commissions for procuring steamship for defendant — allegation that consideration was based on agreement *not to procure* ship for another not supported by evidence — fact that plaintiff was to receive commission from shipowners not defense where defendant had knowledge — parties had right to modify contract by parol changing destination of ship.

In an action to recover commissions for procuring a steamship for the defendant, the allegation in the complaint that as a part of the consideration the plaintiff promised to forbear procuring the same ship for another company was not sustained by the evidence, where it appeared that said other company was not in a position to charter the ship and that the plaintiff notified said company

that he had been engaged to procure the ship for the defendant and that the first party that was able to close with the owners would receive the ship.

It was not a defense to the action that the owners of the ship had agreed to pay a commission to the plaintiff, where it appears that both the defendant and the owners of the ship had full knowledge that the plaintiff was to receive double commission.

Nor was it a defense to the action that after the contract was made with the plaintiff to procure the ship, the destination was changed by an oral agreement, for the contract was one that was not required to be in writing, and, therefore, the modification in parol was valid and the jury were justified in finding that the contract was so modified.

DOWLING, J., dissents.

APPEAL by the defendant, The Export Steamship Corporation, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 18th day of October, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 28th day of October, 1921, denying defendant's motion for a new trial made upon the minutes.

*Bullowa & Bullowa* [*Ralph James M. Bullowa* of counsel], for the appellant.

*Joseph P. Nolan,* for the respondent.

SMITH, J.:

The plaintiff was an old mariner and was acting as a shipbroker. In 1919 the defendant was seeking a ship for the purpose of transporting some merchandise to Denmark. A contract was made with the plaintiff by which, if the plaintiff would procure the steamship *Millinocket* for the defendant, he was to receive two and one-half per cent on the charter party. The commission was to be paid five days after the ship was delivered to the defendant. The plaintiff at the time of the making of this contract was endeavoring to procure this boat under contract for the World Steamship Company, another corporation.

In the complaint it is alleged that the plaintiff promised, as part of the consideration, to forbear procuring this ship for the World Steamship Company. The judgment, however, cannot rest upon the evidence of any such consideration. It appears that the World Steamship Company was not then in a position to charter the ship and it appears as a fact that the plaintiff notified the World Steamship Company of this desire on the part of the defendant to procure the ship, and told the World Steamship Company that the first party that was able to close with the owners of the *Millinocket* would receive the ship, so that upon the plaintiff's own proof he did not forbear from procuring this ship for the World Steamship

Company. If, however, independent of that consideration, the plaintiff did procure this ship for the defendant under the contract for the payment of two and one-half per cent upon the charter party, he would seem to be entitled to the stipulated commission, unless some other fact has rendered his contract void. It is claimed by the defendant that such other fact was shown by the evidence to the effect that the plaintiff was to receive commissions from both parties and this fact is admitted by the plaintiff. The evidence, however, is to the effect that both parties had full knowledge of the fact that the plaintiff was receiving double commissions, and if the defendant and the steamship owner both had knowledge of that fact, the defendant cannot avoid its contract by reason thereof. The case was submitted to the jury upon the question as to the knowledge of both parties to the transaction, both the owner of the ship and the defendant, and the jury has found with the plaintiff thereupon. It was also claimed that the representative of the owners settled with the plaintiff upon his agreement to demand nothing of the defendant, but that question was also submitted to the jury, which found for the plaintiff, that no such agreement was made. There was a further question raised by the defendant that the agreement for the payment of two and one-half per cent was for the charter of the steamer on a trip to Copenhagen or Helsingfors, but that, for war reasons, the ship could not take merchandise to those ports and the ship was, in fact, chartered for a trip to Antwerp. The plaintiff swears that this was talked over between him and the defendant and a modification of the contract was agreed upon to charter the ship for a trip to Antwerp, instead of the places named in the original contract. It seems clear that, although the trip to Copenhagen or Helsingfors, as originally contemplated by the contract, could not be made, the parties had a right to modify the same by parol, inasmuch as the contract was not required to be in writing, and upon the evidence the jury was justified in finding that the contract was so modified.

The defendant procured the ship and apparently the plaintiff was alone instrumental in its procurement, and we are of opinion that the plaintiff has established a cause of action for the stipulated commissions as damages for the failure to perform the contract made, as that contract was afterwards modified.

The judgment should, therefore, be affirmed, with costs.

CLARKE, P. J., PAGE and GREENBAUM, JJ., concur; DOWLING, J., dissents.

Judgment affirmed, with costs.