HELEN PERLMAN, Respondent, *v.* EAST ANNADALE BEACH CORPORATION and Others, Appellants. (Consolidated Appeals.)

Second Department, November 27, 1931.

*Solomon Gelb*, for the appellant East Annadale Beach Corporation.

*Jacob I. Goodstein*, for the appellant E. A. White Organization, Inc.

*Moe H. Leider*, for the appellant Paterno.

*Isidor Wels*, for the respondent.

KAPPER, J.   Each of the defendants, of whom there are three — two corporate and one individual — challenges the complaint for insufficiency and moves for a dismissal of it under rule 106 of the Rules of Civil Practice.

Plaintiff bought two lots on Staten Island.   The consideration was $1,900, and the payments were to be made monthly in the sum of $19.   The defendant corporations appear to have been interlocked, the Annadale Company being owned, controlled and managed by the White Company, the latter having " exclusive charge of the collection of monies due under the contract."   The Annadale Company, purporting to be the vendor, was not the owner of the property but simply held the contract for the purchase thereof.   All of plaintiff's dealings were with the White Company except for the titular use of the name of the Annadale Company as the vendor.   Plaintiff made her installment payments of $19

a month, except the first payment of $380 upon the signing of her agreement to purchase, and her monthly payments were continued until February, 1927, from which time she alleges irregular payments, and the White Company told her that she could make her further payments at her convenience. Nevertheless, she particularizes substantial payments commencing May 3, 1927, up to and including April 1, 1930, so that her total payments to the White Company for this $1,900 of property amounted to $1,656. And she further alleges a request in July, 1930, made of the White Company, whose office was also the office of the Annadale Company, based upon the ground of her husband's illness, that an extension of time to meet installments be granted, which was accorded to her " by the defendants," the defendants telling her that on the balance due she would nevertheless be charged six per cent interest. She further alleges that on that occasion in July, 1930, she asked the defendants to sell her lots and they stated that they would endeavor to do so. Then, on December 1, 1930, plaintiff claims to have requested a statement of the balance owing by her so that she could take title, and that she then and there offered to pay the balance, but " the said defendants " informed her that they had sold the lots to the defendant Paterno, for which reason they declined to receive the balance due. Further allegations are in the nature of tender, ability and willingness to perform.

Appellants the White and Annadale Companies claim that under the contract there was a forfeiture of plaintiff's rights by failure to make prompt payments every thirty days of the nineteen-dollar installments, and that any extension of time to make payments was without consideration. If we accept the claim that plaintiff's liability was fixed by the contract, we do not have to accept the claim that there was no valid extension. The very course of conduct of the parties showing these substantial, irregular payments takes the case out of the category of a fixed liability. A written agreement may be modified by an oral agreement unless the liability of a party has been incurred and become fixed. (*Weed* v. *Spears*, 193 N. Y. 289, 293.) I see no legal difficulty in the way of plaintiff proving the transactions, and the acquiescence of the defendant corporations.

The complaint prays for specific performance, but in the alternative seeks to recover back the moneys. Of course, upon the face of the complaint we have the fact alleged that the defendant corporations sold the premises in question to the defendant Paterno. That would render specific performance unavailable. The argument is made by the White Company that specific performance is

improper, as against it; but I do not regard that point as of any consequence. The prayer for relief does not determine the nature of the action. The allegations of fact in the complaint are the basis of the relief to be obtained, and a recovery of the money may become a proper determination.

And it is also claimed by the White Company that it is not the seller; hence, it is not properly a party. But it seems to me that the relations of the White Company to the Annadale Company are sufficiently expressed to constitute the White Company a proper defendant. It is charged with having received the moneys, not specially as agent for the Annadale Company, but, in fact, for some other purpose of its own. At any rate, the trial should determine which of these two corporations, if either, or perhaps, both, should be held in the event that the plaintiff proves the allegations of the complaint.

As to defendant Paterno, I do not think a cause of action is stated. The complaint alleges that when plaintiff demanded her deed she was informed that her property has been sold to defendant Paterno, and that the sale to Paterno was for a consideration in excess of the $1,900 for which plaintiff claims she bought the property; the further claim of plaintiff being that she is entitled to the additional price paid by Paterno to the defendant corporations. The only other allegation regarding Paterno is that that defendant claims some interest in the aforesaid premises under a certain contract for the purchase of the same made with the defendant corporations. No claim is made that Paterno bought with any knowledge of plaintiff's previous purchase; nor is there any allegation of fraud or improper conduct upon the part of defendant Paterno.

I advise an affirmance of the orders against defendants East Annadale Beach Corporation and E. A. White Organization, Inc., with ten dollars costs and disbursements, and a reversal, upon the law, of the order denying the motion of defendant Paterno, with ten dollars costs and disbursements, and the granting of the motion of said defendant.

LAZANSKY, P. J., YOUNG, HAGARTY and TOMPKINS, JJ., concur.

Orders denying motions of defendants East Annadale Beach Corporation and E. A. White Organization, Inc., to dismiss the amended complaint for insufficiency affirmed, with ten dollars costs and disbursements. Order denying motion of defendant Paterno to dismiss the amended complaint for insufficiency reversed upon the law, with ten dollars costs and disbursements, and motion granted, without costs.