LESAVOY INDUSTRIES, INC., et al., Appellants, *v.* PROVIDENCE WASHINGTON INSURANCE COMPANY et al., Respondents, et al., Defendant.

First Department, May 20, 1958.

*Louis Jay Brecher* of counsel (*Freiman & Brecher,* attorneys), for appellants.

*Thomas A. Harnett* of counsel (*John P. Walsh* with him on the brief; *Watters & Donovan,* attorneys), for respondents.

BERGAN, J. The two insurance company defendants were represented by a general agent having full authority to receive and accept proposals for insurance on behalf of the companies, and to issue oral binders for insurance.

On May 16, 1951 the general agent issued to the plaintiffs 30-day written binders of fire insurance for $25,000 on behalf of

each defendant company. The binders provided that each company would issue a standard fire insurance policy to the plaintiffs within the 30-day period, unless within that time it gave notice to plaintiffs it would not further insure said property.

A fire occurred on July 20, 1951, and in this action against the defendant companies to recover, plaintiffs offered to prove that by oral agreement reached between plaintiffs and the general agent, acting for the defendants, the binders were extended in force beyond the original 30-day period, until either the insurance was issued or notice was given by defendants they would not insure.

This offer of evidence was excluded by the court on the express ground it would vary the terms of a written contract; and with the resulting deficiency of proof in the case the court dismissed the complaint and judgment was entered for defendants.

We are of opinion the proof offered was admissible and ought to have been received. It was in the direction of showing an agreement of modification, which took effect immediately and served merely to extend the term of the written binders.

The validity of such an agreement is not impaired by the circumstance that the parties had previously set down their concordance in writing. (*Perlman* v. *East Annadale Beach Corp.*, 233 App. Div. 599; *Haight* v. *Cohen*, 123 App. Div. 707; see, also, discussion by HISCOCK, J., in *Weed* v. *Spears*, 193 N. Y. 289, 293.)

The principle was sharply etched in words of marked simplicity in this court by SMITH, J., in *Juell* v. *Export S. S. Corp.* (202 App. Div. 204, 206). Addressing himself to a written agreement covering the route of voyage of a ship he noted in respect of a written contract modified orally: "It seems clear that, although the trip * * * as originally contemplated by the contract, could not be made, the parties had a right to modify the same by parol, inasmuch as the contract was not required to be in writing".

The rule is one of quite general acceptance, and the authorities are drawn together in 32 Corpus Juris Secundum (Evidence, § 1004) to summarize the rule that "Parol evidence is generally admissible to show a subsequent agreement between the parties to a written instrument, although it may alter or abrogate the writing." (See, also, 17 C. J. S., Contracts, § 377.)

A tangential suggestion is tendered in the respondents' brief based on a calculation of the coverage set up in plaintiffs' bill of particulars, that the loss was fully covered by other insurance carriers. It is neither pleaded nor directly argued by defendants

that by subrogation or otherwise the plaintiffs have lost title to the cause pleaded, and hence are not the true parties in interest; or that the presence of other carriers would be necessary to a full adjudication of the rights of the present parties; or that there has been a discharge of the cause; nor is any other theory pleaded or relied on which might be deemed appropriate to the inference thus suggested that plaintiffs may not sue these defendants.

Defendants come to court on a general denial, but their brief here, noting the coverage with other carriers shown by the plaintiffs' bill of particulars, states that '' Apparently this litigation * * * was an afterthought and a try for a windfall. If the defendants had actually been on the risk, they would owe their proportionate share of the insurance, not to the plaintiffs but to the twenty-five insurers who paid plaintiffs' claim.''

If this is so, defendants might have due and appropriate relief by proper pleading or by other procedural remedies; but in several places in the record of the trial of this case counsel told the court there was no question of damage involved; and by stipulation that question had been deferred until the issue of defendants' obligation under the oral binder had been resolved. On this record that is the only issue of law properly before us on the appeal. A casual and tangential suggestion in a brief certainly does not bring the question here for adjudication. The question before us is whether the excluded evidence should have been received; and we think that question should be answered affirmatively.

The judgment should be reversed on the law and the facts and a new trial ordered, with costs to appellant to abide the event.

BOTEIN, P. J., BREITEL, RABIN and McNALLY, JJ., concur.

Judgment unanimously reversed upon the law and upon the facts, and a new trial ordered, with costs to the appellant to abide the event.