■ DEPOT CONSTRUCTION COMPANY, Appellant, v STATE OF NEW YORK, Respondent.—Levine, J. Appeal from an order of the Court of Claims (Benza, J.), entered March 18, 1985, which granted the State's motion for, inter alia, summary judgment dismissing the claim.

Claimant and the State entered into a contract for the performance of work at the South Mall construction project in the City of Albany whereby claimant was, among other things, to pump water from the sand drainage layer of the earth beneath the construction site for a period of 20 weeks at a cost of $1,000 per week. The pumping was denoted as "item 2F-94 (dd)". During the course of its performance, claimant submitted a number of applications for payment to the State, including requests for payment on item 2F-94 (dd). The State's construction manager certified on each application that pump-

ing had been done and claimant was paid a total of $20,000 for that work. In December 1976, the parties entered into a modification contract, entitled "supplemental agreement No. 2", which dealt with adjustments to payments for certain items in the contract. Supplemental agreement No. 2 provided that payments were to be decreased on certain items "because they were removed from the scope of the contract". Item 2F-94 (dd) was listed to be decreased by $20,000. In December 1977, the parties again modified the contract, adjusting the original contract price and waiving all claims against each other arising out of the contract, except for "any claim that [claimant] may have on behalf of and for payment to its subcontractor, Glenmont Equipment Company, Inc.".

Claimant then filed the instant claim seeking, *inter alia,* payment of $92,000, representing 92 weeks of pumping work allegedly performed by Glenmont under item 2F-94 (dd) at the contract price of $1,000 per week. The State then moved for leave to amend its answer to interpose the affirmative defense of release and for summary judgment dismissing the claim, alleging that claimant had waived any right to payment on item 2F-94 (dd) by agreeing to its deletion from the contract in supplemental agreement No. 2. The Court of Claims granted the State's motion and dismissed the claim, finding that claimant had unequivocally bargained away any right to payment on item 2F-94 (dd). The court also determined that the subsequent December 1977 modification was not inconsistent with such a release. It declined to consider parol evidence regarding the parties' intention in entering into either modification. This appeal by claimant followed.

We disagree with the Court of Claims ruling that supplemental agreement No. 2 constituted a final, unambiguous release of the claim for pumping work. The agreement merely states that item 2F-94 (dd) was removed from the scope of the contract. Indeed, extrinsic evidence as to the parties' intent was submitted by the State to the effect that the item was eliminated because the work had not been performed and the State was to be refunded the amounts previously paid therefor. The provision relied upon by the Court of Claims was, thus, not so unambiguous as to preclude parol evidence of the parties' intent *(see, Village Sav. Bank v Caplan,* 87 AD2d 145, 149; *Tobin v Union News Co.,* 18 AD2d 243, 245, *affd* 13 NY2d 1155). Moreover, the parol evidence rule does not preclude claimant from establishing that the subsequent, December 1977 modification agreement, preserving claims on behalf of Glenmont, was intended to reinstate the claim for pumping

work involved herein *(see, Lesavoy Indus. v Providence Wash. Ins. Co.,* 5 AD2d 601, 602; 3 Corbin, Contracts § 574, at 375).

Order modified, on the law, without costs, by reversing so much thereof as granted the State's motion for summary judgment dismissing the claim; said motion denied; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.