■ GETTY REFINING AND MARKETING, Appellant, v LINDEN MAINTENANCE CORPORATION, Respondent.—In an action, inter alia, to recover money had and received, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Molloy, J.), dated June 7, 1989, as, upon renewal, denied its motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

By written contract which sets forth that it contains all the terms of the parties' agreement and that any oral condition or understanding additional to or at variance with the terms is "void", the defendant, operator of a fleet of taxi cabs, agreed to purchase, for a period of approximately four years, bulk quantities of gasoline and oil from the plaintiff at prices posted by the plaintiff at the time of delivery. By separate letter, the plaintiff advised the defendant that "until further notice" it would allow a 2½-cent per gallon discount of the purchase price of gasoline on deliveries of 3,000 gallons or more. The plaintiff stated in the letter that the letter was not intended as an amendment to the contract but was solely a "voluntary price allowance on our part to meet competitive conditions", that the discount could be revoked at any time, and that if the discount were revoked, the defendant had a 10-day option to terminate the contract.

For reasons that are not set forth in the record, the plaintiff and defendant severed their contractual relationship prior to the expiration of the contract period. Thereafter, the plaintiff commenced this action to recover some $48,000 in payments it made to the defendant which it asserts constituted a mistaken duplication of the 2½-cent discount already reflected on invoices for payments the defendant owed the plaintiff. In opposition to the motion for summary judgment, defendant's president asserted that after the making of the agreement, and to remain competitive with a price quote the defendant received from another oil company, the plaintiff afforded the defendant an additional 2½-cent discount and thus immediately began issuing checks to the defendant pursuant to that subsequent understanding.

Neither the parol evidence rule nor the merger clause of the underlying contract prohibits proof of a subsequent additional agreement or of a subsequent modification of the original agreement (see, e.g., Depot Constr. Co. v State of New York, 120 AD2d 913; cf., Katz v American Tech. Indus., 96 AD2d 932). Since sharp questions of fact exist as to what the payments the plaintiff seeks to recover actually represent, the Supreme Court properly denied the plaintiff summary judgment (see, CPLR 3212). Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.