■ OMEGA INDUSTRIES, INC., et al., Appellants, v CHEMICAL BANK, Respondent, et al., Defendants. [641 NYS2d 327] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Nassau County (O'Connell, J.), entered October 6, 1994, as granted the branch of the motion of the defendant Chemical Bank which was for summary judgment dismissing the second, fourth, fifth, and seventh causes of action in the amended complaint and denied their cross motion to further amend their complaint, and (2) a judgment of the same court, entered October 28, 1994, as dismissed the second, fourth, fifth, and seventh causes of action of their amended complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the defendant Chemical Bank is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiffs' seventh cause of action sought damages allegedly incurred as a result of the defendants' purported breach of a Note Purchase Agreement wherein the defendant Chemical Bank (hereinafter Chemical) agreed to finance the sale of certain goods produced by the plaintiffs to a foreign entity.

Pursuant to General Obligations Law § 15-301 (1): "A written agreement or other written instrument which contains a provision to the effect that it cannot be changed orally, cannot be changed by an executory agreement unless such executory agreement is in writing and signed by the party against whom enforcement of the change is sought or by his agent." Section 15-301 differs from the general Statute of Frauds contained in section 5-701 of the General Obligations Law in that a note or memorandum of an agreement is insufficient to satisfy the requirements of section 15-301 (*see, DFI Communications v Greenberg,* 41 NY2d 602, 606). Section 15-301 "would seem to contemplate a signed writing in the nature of an agreement to alter the original contract" (*Bakhshandeh v American Cyanamid Co.,* 8 AD2d 35, 37, *affd* 8 NY2d 981 [analyzing Personal Property Law § 33-c (1), predecessor to General Obligations Law § 15-301]).

Paragraph 3 of the Note Purchase Agreement provided that Chemical's obligation to purchase notes from the plaintiffs expired at the close of business on March 31, 1985, absent written consent to extend the deadline. Although the record indicates that there were discussions between the parties and steps were taken to extend the March 31st deadline, no agreement on an extension was ever finalized. In a letter dated September 16, 1985, from Chemical to the plaintiffs, Chemical informed the plaintiffs that an additional fee of $4,052.15 was required to finalize the proposed extension of the deadline to September 30, 1985. However, the plaintiffs failed to remit this additional fee until December 17, 1985, some two and one-half months after the proposed amended deadline. Thus, the September 16th letter failed to satisfy General Obligations Law § 15-301 as it expressly indicated that further action was required by the plaintiffs to finalize the agreement to extend the deadline. Moreover, there was no effective oral modification of the Note Purchase Agreement which would enable the

plaintiffs to avoid the statutory requirement of a writing (*see, Rose v Spa Realty Assocs.,* 42 NY2d 338, 341). The plaintiffs' continued shipment of goods to the foreign entity beyond March 31, 1985, was not unequivocally referable to any alleged oral modification of the deadline, and the plaintiffs were not induced by any alleged oral modification of the deadline to fulfill their pre-existing contractual obligations to the foreign entity (*see, Rose v Spa Realty Assocs., supra,* at 341).

Although the shipment of goods corresponding to note eight was made on December 27, 1984, prior to the March 31, 1985, deadline, paragraph 4 (c) of the Note Purchase Agreement established that Chemical was not obligated to purchase that note if there were defaults in payments by the foreign entity on previously purchased notes. Chemical submitted evidence that a default notice was sent to the foreign entity on December 24, 1984. Thus, the burden was on the plaintiffs to set forth evidentiary proof, avoiding conclusory allegations, sufficient to establish a question of fact as to whether the foreign entity was in default on December 27, 1984 (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). Having failed to do so, the branch of Chemical's motion which was for summary judgment dismissing the seventh cause of action in the amended complaint was properly granted.

In the second cause of action, the plaintiffs sought $41,400 in interest as a consequence of Chemical's alleged failure to return the sum of $460,000 representing the balance of a $750,000 certificate of deposit they deposited with Chemical as collateral security for all payments due under the contract. However, the certificate of deposit with Chemical was interest bearing. Thus, the plaintiffs' claim for interest is improper as they received all of the interest on the certificate of deposit when Chemical returned the balance in 1987.

With regard to the fourth and fifth causes of action, the plaintiffs concede that Chemical was entitled to all of the principal and interest due under notes one through seven which they had purchased prior to March 31, 1985. Thus, summary judgment was properly granted as there were no material issues of fact requiring a trial as to these causes of action (*see, Daliendo v Johnson,* 147 AD2d 312).

Finally, the Supreme Court did not improvidently exercise its discretion in denying the plaintiffs' cross motion to amend the complaint a second time since the plaintiffs failed to set forth any "additional or subsequent transactions or occurrences" (CPLR 3025 [b]) and were fully aware of the facts and circumstances surrounding the proposed amendments for

nearly ten years before seeking to amend the complaint a second time. Thompson, J. P., Joy, Krausman and McGinity, JJ., concur.