■ MAYNARD COURT OWNERS CORPORATION, Respondent, v JOHN RENTOULIS, Appellant. [652 NYS2d 664] —Casey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Rosato, J.), entered June 21, 1995 in Westchester County, which granted plaintiff's motion for summary judgment.

Based upon the parties' negotiations, plaintiff's president prepared a proposed contract for the sale of certain real property owned by plaintiff and sent the proposed contract to defendant's attorney. The attorney returned the contract, signed by defendant, accompanied by a down payment and a letter which noted three changes to the proposed contract and stated that the contract was conditioned upon the purchaser receiving and reviewing the leases to the nine rental units on the property. Shortly thereafter, plaintiff sent defendant fully executed copies of the contract and copies of the nine leases. Several days later, defendant's attorney informed plaintiff that defendant had reviewed the nine leases and, as a result, was canceling the contract. When defendant failed to appear for the closing, plaintiff commenced this action seeking to retain the down payment as liquidated damages pursuant to the contract. Defendant counterclaimed for return of the down payment. After issue was joined, plaintiff moved for summary judgment. Supreme Court granted the motion, resulting in this appeal by defendant.

At issue in this appeal is whether Supreme Court erred in concluding that defendant is barred from claiming that the contract was conditioned upon his review and acceptance or approval of the leases. Where, as here, the parties to a written agreement include a proscription against oral modification, the effectiveness of any purported modification is governed by General Obligations Law § 15-301 (1) (*see, Rose v Spa Realty Assocs.*, 42 NY2d 338, 343). The statute prohibits any modifica-

tion by an executory agreement unless the executory agreement is in writing and signed by the party against whom enforcement is sought. By its terms, the statute bars only "executory" modifications and, therefore, once a modification is executed, it may be proved despite the absence of the signed writing required by the statute (see, id., at 343; Scally v Scally, 151 AD2d 869, 872).

There is evidence in the record which demonstrates that the condition contained in defendant's letter was not an executory modification, but an executed one. Pursuant to the letter, which conditioned the agreement on defendant's receipt and review of leases, plaintiff sent copies of all nine leases to defendant. Defendant received the leases, reviewed them and gave prompt notice that he disapproved them. It appears that all acts expressly or implicitly required by the condition contained in defendant's letter were "fully performed" and, therefore, it is not an executory agreement to modify, but an executed modification (see, Rose v Spa Realty Assocs., supra, at 344). Assuming that the condition was not fully performed, plaintiff's conduct in sending the leases to defendant for his review constitutes at least partial performance "unequivocally referable" to the claimed modification so as to avoid the writing requirement (see, id., at 343). Accordingly, defendant is not barred from proving the modification and, therefore, plaintiff is not entitled to summary judgment.

Peters and Spain, JJ., concur.

Mikoll, J. P. (dissenting). In our view Supreme Court did not err in precluding oral modification of the written contract. The July 4, 1994 letter was an attempt to modify the contract but was ineffectual for that purpose. Plaintiff never signed the letter and, thus, it could not be enforced against it (see, General Obligations Law § 15-301). The letter also did not establish a condition precedent to the legal effectiveness of the written contract (see, Silveri v Laufer, 179 AD2d 633).

The word "approval" does not appear in the letter so as to condition the contract upon defendant's approval of the leases. Moreover, even if the letter is viewed as creating the claimed condition, plaintiff's conduct in sending the leases to defendant for his review did not constitute even a partial performance "unequivocally referable" to the attempted modification so as to avoid the writing requirement. The conduct of plaintiff in furnishing the leases was also compatible with the written contract signed by defendant and thus was equivocal (see, Omega Indus. v Chemical Bank, 226 AD2d 512, 513-514). Plaintiff's conduct in depositing the down payment and

forwarding the leases to defendant for his review was compatible with the terms of the written agreement and served to accommodate defendant in furtherance of plaintiff's interests. Consequently, we would affirm Supreme Court's judgment granting summary judgment to plaintiff.

White, J., concurs. Ordered that the judgment is reversed, on the law, with costs, and motion denied.