■ TECHNOLOGIES MULTI SOURCE T.M.S.S.A., Respondent, v MRP ELECTRONICS, INC., Appellant. [778 NYS2d 70]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Jonas, J.), entered June 26, 2003, as granted the plaintiff's motion for summary judgment and is in favor of the plaintiff and against it in the principal sum of $56,520.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, and the motion is denied.

The purchase order issued by the plaintiff, Technologies Multi Source T.M.S.S.A. (hereinafter TMS), on April 17, 2001, and later signed by a representative of the defendant, MRP Electronics, Inc. (hereinafter MRP), called for the delivery of 93,200 electronic parts to TMS on or before April 19, 2001. It did not contain a provision that excluded oral modifications with respect to the date of delivery (see UCC 2-202; cf. General Obligations Law § 15-301 [1]), or as to when payment (in the sum of $83,880) would be due. It did state, "no partial shipment allowed."

Despite the absence of any provision in the purchase order requiring it to do so, TMS paid in advance for all 93,200 parts by wiring $83,880 to MRP's bank on April 18, 2001. There was no evidence that TMS objected in any way when the parts were not delivered to it by April 19, 2001. MRP submitted evidence that the delivery date of April 19, 2001, was, in fact, impossible to honor, and that a TMS representative at some point agreed to accept delivery of the parts "sometime during the week of" April 23, 2001.

TMS implicitly denied MRP's assertions in this respect, and claimed instead that it rightfully demanded that all of the parts be shipped no later than April 24, 2001. Despite the prohibition against partial shipments contained in the purchase order, TMS later accepted a delivery of 30,400 parts that MRP shipped from New York on that day. TMS implicitly acknowledged its obligation to pay MRP, at the contractual rate, for those parts.

TMS refused to accept the remaining 62,800 parts, which MRP caused to be shipped from New York the following day, April 25, 2001. Those parts were acquired by MRP from an Asian manufacturer, and it is not clear when these parts were shipped from their location of origin to MRP. MRP claimed that those parts were not returned to it and that TMS must have taken possession of them at some point.

In this action, inter alia, to recover damages for breach of contract, TMS claimed that it had no contractual obligation to pay for the parts contained in the second shipment, and demanded judgment in the principal sum of $56,520, representing the portion of its $83,880 advance payment that was allocable to those parts. The Supreme Court granted TMS's motion for summary judgment, finding that the terms of the purchase order were unambiguous, that MRP was in breach of contract when it failed to deliver all 93,200 parts by April 19, 2001, and that rather than cancel the contract, TMS properly exercised its alleged right to accept only such parts as were en route to it as of April 24, 2001. We reverse.

Under the circumstances outlined above, and in light of the other particular circumstances of this case, we conclude that there are issues of fact as to whether the purchase order was intended to constitute a complete and final expression of the agreement between the parties (see UCC 2-202; cf. Intershoe, Inc. v Bankers Trust Co., 77 NY2d 517 [1991]), as to whether such agreement was subsequently orally modified with respect to the delivery date (see UCC 2-209; CT Chems. [U.S.A.] v Vinmar Impex, 81 NY2d 174 [1993]; Rose v Spa Realty Assoc., 42 NY2d 338 [1977]; Congress Talcott Corp. v Shapiro, 176 AD2d 551 [1991]; Getty Ref. & Mktg. v Linden Maintenance Corp., 168 AD2d 480; 2A Anderson, Uniform Commercial Code § 2-209:70, at 55 [3d ed]), and as to whether MRP breached the agreement by shipping 62,800 parts from New York on April 25, 2001, rather than on April 24, 2001. Prudenti, P.J., Krausman, Townes and Spolzino, JJ., concur.