■ TIMELESS REALTY CORP., Appellant, v CONNECTICUT DIVERSIFIED HOLDINGS, LLC, et al., Respondents. [843 NYS2d 411]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated March 28, 2006, as granted the defendants' motion for summary judgment dismissing the complaint and denied its cross motion, inter alia, for leave to amend its complaint and to dismiss the first affirmative defense asserting that the action is barred by the statute of frauds.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff broker entered into a brokerage agreement with the defendant Connecticut Diversified Holdings, LLC (hereinafter Connecticut). The agreement provided that the plaintiff would be the exclusive broker for real property located at 2300 Cropsey Avenue in Brooklyn, and would negotiate "any real estate transaction." The terms of the agreement, however, did not fix a termination date. Nearly two years after Connecticut and the plaintiff entered into the agreement, Connecticut cancelled the agreement because the plaintiff had not generated any activity regarding the real property.

The defendants established their prima facie entitlement to summary judgment dismissing the complaint by demonstrating that the plaintiff was not in the midst of any negotiations at the time that the agreement was cancelled and that Connecticut's right to terminate the plaintiff's authority was absolute and unrestricted (*see Sibbald v Bethlehem Iron Co.*, 83 NY 378, 384 [1881]; *Aegis Prop. Servs. Corp. v Hotel Empire Corp.*, 106 AD2d 66, 72 [1985]; *see also Horn v New York Times*, 100 NY2d 85, 91 [2003]).

In opposition to the defendants' showing of entitlement to summary judgment, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

We reject the plaintiff's contention that the agreement was modified by an alleged oral representation made by the defendants, as the agreement expressly states that it cannot be changed orally (*see* General Obligations Law § 15-301 [1]; *Mar-*

*cella & Co. v Avon Prods.*, 282 AD2d 718 [2001]; *Omega Indus. v Chemical Bank*, 226 AD2d 512 [1996]; *see also Emcee Personnel v Morgan Lewis & Bockius*, 269 AD2d 353 [2000]; *Columbia Terrace Dev. Corp. v Brown*, 153 AD2d 832 [1989]).

The plaintiff's remaining contentions either have been rendered academic or are without merit. Spolzino, J.P., Krausman, Fisher and Angiolillo, JJ., concur. [*See* 11 Misc 3d 1078(A), 2006 NY Slip Op 50607(U).]