Thrifty Oil & Heating Co. v Chowdhury (2019 NY Slip Op 00490)





Thrifty Oil & Heating Co. v Chowdhury


2019 NY Slip Op 00490


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2016-01373
2016-05536
 (Index No. 501667/15)

[*1]Thrifty Oil and Heating Co., et al., respondents,
v
Shameem A. Chowdhury, appellant, et al., defendants.


Felton & Associates, Brooklyn, NY (Regina Felton of counsel), for appellant.
Cuddy & Feder LLP, White Plains, NY (Joshua E. Kimerling and Troy D. Lipp of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract, the defendant Shameem A. Chowdhury appeals from (1) an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated December 18, 2015, and (2) an order of the same court dated April 1, 2016. The order dated December 18, 2015, insofar as appealed from, granted the plaintiffs' motion for summary judgment on the first cause of action. The order dated April 1, 2016, insofar as appealed from, upon renewal, adhered to the determination in the order dated December 18, 2015.
ORDERED that the order dated December 18, 2015, is reversed insofar as appealed from, on the law, the plaintiffs' motion for summary judgment on the first cause of action is denied, and so much of the order dated April 1, 2016, as, upon renewal, adhered to the determination in the order dated December 18, 2015, granting the plaintiff's motion for summary judgment on the first cause of action, is vacated; and it is further,
ORDERED that the appeal from the order dated April 1, 2016, is dismissed as academic in light of our determination on the appeal from the order dated December 18, 2015; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
The plaintiffs allegedly are the tenants in a commercial property in Brooklyn. In this action, they allege that they entered into a lease agreement with the prior owner of the subject property, which lease included an addendum containing an option to buy the property. The plaintiffs further allege that in February 2015, the plaintiff Robert Thomas exercised the option to buy, but the defendants Shameem A. Chowdhury and Din Al Rashid refused to perform. The plaintiffs then commenced this action, inter alia, for specific performance of the contract. After discovery was conducted, the plaintiffs moved for summary judgment on their first cause of action, for specific performance. Chowdhury opposed the motion and cross-moved for certain relief. The Supreme Court granted the plaintiffs' motion and denied Chowdhury's cross motion. Chowdhury moved, inter alia, for leave to renew his opposition to the plaintiffs' motion. The court granted renewal and, upon renewal, adhered to its original determination. Chowdhury appeals from so much of the orders [*2]as granted the plaintiffs' motion and, upon renewal, adhered to that determination.
We disagree with the Supreme Court's determination that the plaintiffs were entitled to summary judgment on the first cause of action. In opposition to the plaintiffs' prima facie showing of their entitlement to judgment as a matter of law, Chowdhury raised a triable issue of fact regarding the terms of the agreement between the plaintiffs and the previous owners of the property. Chowdhury also submitted evidence that the plaintiffs produced inconsistent versions of the agreement they seek to enforce. Because Chowdhury demonstrated the existence of triable issues of fact as to the material terms of the contract, summary judgment should have been denied (see Technologies Multi Source T.M.S.S.A. v MRP Elecs., Inc., 8 AD3d 361, 363; Scarpulla v County of Suffolk, 128 AD2d 603, 603).
Chowdhury's remaining contention is academic and, in any event, not properly before this Court.
BALKIN, J.P., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court