Foam Depot, Inc. v County of Erie (2024 NY Slip Op 03597)

Foam Depot, Inc.

2024 NY Slip Op 03597

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

245 CA 23-00116

[*1]FOAM DEPOT, INC., PLAINTIFF-RESPONDENT,
v
COUNTY OF ERIE, DEFENDANT-APPELLANT.

LIPPES MATHIAS LLP, BUFFALO (KRISTIE A. MEANS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
COLUCCI & GALLAHER, P.C., BUFFALO (MARC SMITH OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered December 13, 2022. The order granted the motion of defendant for leave to reargue and, upon reargument, adhered to a prior determination denying that part of defendant's motion seeking summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for breach of contract arising from a contract with defendant pursuant to which defendant agreed to purchase, among other things, 500,000 masks. Defendant moved for, inter alia, summary judgment dismissing the complaint, contending, among other things, that the contract had been modified by the parties. Supreme Court, inter alia, denied defendant's motion insofar as it sought summary judgment, and defendant then moved for leave to reargue that part of the motion. Defendant now appeals from an order granting leave to reargue and, upon reargument, adhering to the prior determination denying that part of defendant's motion for summary judgment. We affirm.
We conclude that defendant failed to meet its initial burden on its underlying motion of establishing its entitlement to summary judgment dismissing the complaint. Contrary to defendant's contention, the emails that it submitted on its underlying motion do not establish as a matter of law that the revised purchase order was understood to be a modification of the parties' agreement (see Technologies Multi Source T.M.S.S.A. v MRP Elecs., Inc., 8 AD3d 361, 363 [2d Dept 2004]). Defendant's "[f]ailure to make [a] prima facie showing [of entitlement to summary judgment dismissing the complaint] requires a denial of [that part of] the motion, regardless of the sufficiency of the opposing papers" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]).
In any event, even assuming, arguendo, that defendant met its initial burden on its underlying motion insofar as it sought summary judgment dismissing the complaint, we conclude that plaintiff raised a triable issue of fact in opposition. Plaintiff's president and sole shareholder averred in his affidavit in opposition to defendant's underlying motion that he "did not agree that the [original] [p]urchase [o]rder for the . . . masks was being modified." He further averred that it was his belief "that [defendant] was not replacing the original [p]urchase [o]rder but rather ordering a different type of mask." We conclude that a triable issue of fact exists whether the contract was modified (see generally All-Year Golf v Products Invs. Corp., 34 AD2d 246, 250 [4th Dept 1970], lv denied 27 NY2d 485 [1970]), and thus defendant is not entitled to summary judgment dismissing the complaint (see Vega, 18 NY3d at 503).
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court