■ ALLAN SIEGEL, Appellant, v SANDRA SIEGEL, Respondent. [602 NYS2d 421] —In an action for an accounting, for conversion, and to recover damages for an alleged breach of a stipulation of settlement entered into in a divorce action, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated May 17, 1991, as granted the defendant's motion to dismiss the complaint on the ground of res judicata and/or collateral estoppel.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted those branches of the motion which were to dismiss the third and fourth causes of action, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties are former spouses. In 1988, in a prior action for a separation, they entered into a stipulation in open court, whereby the defendant was allowed to retain a portion of the

insurance proceeds received by the parties for water damage sustained to some of the furnishings of the former marital home. The defendant was allowed to retain these proceeds based upon her representation that she had replaced these furnishings herself. A judgment of separation was entered by the defendant against the plaintiff.

The plaintiff thereafter instituted an action for a conversion divorce. On February 27, 1990, the parties entered into a stipulation in open court in the divorce action, whereby they agreed that the plaintiff was responsible for reimbursing the defendant for medical expenses in the sum of $886.75, and that the defendant would supply the plaintiff with copies of the medical bills substantiating that claim. The parties further agreed that, with the exception of the bedroom furnishings, the parties would divide all the furnishings in the marital home and, if they could not reach an agreement as to the division of these furnishings, the property would be sold at a tag sale. This stipulation was incorporated but not merged into the judgment of divorce.

The plaintiff then instituted the instant plenary action, seeking, in his first cause of action, an accounting of the insurance proceeds received by the defendant pursuant to the 1988 stipulation. The second cause of action sought damages for conversion in June 1989 of a 1979 Audi, which was allegedly marital property. The third cause of action sought damages for conversion of the furnishings in the former marital home. The fourth cause of action sought damages for the defendant's failure to submit proof of her entitlement to the $886.75 in medical bills, as required under the stipulation entered into in the divorce action. The defendant moved to dismiss all four causes of action on the ground that they were barred by res judicata and/or collateral estoppel. The Supreme Court granted the defendant's motion, and dismissed the complaint in its entirety. We now modify the order and reinstate the third and fourth causes of action.

The third and fourth causes of action sought to enforce the terms of the 1990 stipulation, which had been incorporated but not merged in the judgment of divorce. That stipulation survived the judgment of divorce by its terms and as a matter of law (see, Blasich v Blasich, 134 AD2d 472). It is well-settled that either party can bring a separate plenary action after the divorce judgment, in order to enforce the terms of a stipulation which is not merged in the judgment (see, Petritis v Petritis, 131 AD2d 651; Sileo v Sileo, 115 AD2d 535). Therefore, we find that the doctrines of res judicata and collateral

estoppel are inapplicable to the third and fourth causes of action.

However, we find that the first and second causes of action were properly dismissed, as these are property issues which could and should have been resolved in the divorce action *(see, Boronow v Boronow,* 71 NY2d 284; *Foley v Foley,* 150 AD2d 339)*. Moreover, property issues are the subject of equitable distribution, which, under the facts of this case could only have been sought in the divorce action *(see,* Domestic Relations Law § 236 [B] [5]; *Meier v Meier,* 156 AD2d 348).

In light of our determination, we decline to award the defendant sanctions, as we do not find this appeal to be frivolous *(see,* 22 NYCRR 130-1.1). Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.