■ STEVEN SACKS, Respondent, v PATRICIA A. SACKS, Also Known as PATRICIA OLSEN, Appellant. [633 NYS2d 193] —In an

action to rescind and reform certain provisions contained in a stipulation of settlement and a judgment of divorce of the Supreme Court, Rockland County (Stolarik, J.), dated March 23, 1987, the defendant appeals from an order of the Supreme Court, Putnam County (Hickman, J.), dated June 17, 1994, which denied her motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff husband commenced this action to rescind and reform certain provisions contained in a stipulation of settlement which did not merge into the parties' judgment of divorce on the ground that those provisions were unfair and unconscionable. We reject the defendant wife's contentions that the plaintiff is precluded from bringing this action on res judicata or collateral estoppel grounds or because he failed to appeal from the judgment of divorce or a subsequent qualified domestic relations order. It is well settled that either party can bring a separate plenary action after the divorce judgment in order to enforce or challenge the terms of a stipulation of settlement which is not merged into the judgment. This is so because the stipulation of settlement survives as a separate contract *(see, Siegel v Siegel,* 197 AD2d 569; *Fine v Fine,* 191 AD2d 410; *Lambert v Lambert,* 142 AD2d 557; *Culp v Culp,* 117 AD2d 700).

The defendant's contention that the action is barred by laches is without merit.

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.