■ JOHANN BUKOVINSKY, Appellant, v LORI A. BUKOVINSKY, Respondent. [704 NYS2d 363] —Graffeo, J. Appeal from an order

of the Supreme Court (Kane, J.), entered April 29, 1999 in Sullivan County, which, *inter alia*, dismissed plaintiff's claim for child support arrears.

Plaintiff, the father of three children, seeks child support arrears from defendant pursuant to the terms of the parties' separation agreement for a period of time preceding the judgment of divorce. The parties had entered into a separation agreement in September 1993 which required defendant to pay plaintiff $200 per month in child support. An action for divorce was commenced in September 1994 and the record suggests that Supreme Court required defendant to continue the child support payments as provided for in the separation agreement during the pendency of the action.[1] At the conclusion of a nonjury divorce trial, Supreme Court issued a decision dated December 16, 1996 granting a judgment of divorce which incorporated, but did not merge, the parties' separation agreement. However, as relevant to this appeal, based on the parties' respective incomes and expenses, in addition to the amount of time the children spent with each parent, Supreme Court denied plaintiff's application for child support.

In August 1997 plaintiff moved for an order[2] directing defendant to, *inter alia*, pay child support arrears which allegedly accumulated prior to the judgment of divorce.[3] Supreme Court denied the request for arrears on the basis that such arrears could be recovered only pursuant to a separate plenary contract action. Accordingly, plaintiff commenced the instant action in September 1998 seeking $3,450 in child support arrears covering June 1, 1995 through December 31, 1996. After joinder of issue, plaintiff moved for summary judgment and Supreme Court, relying on defendant's answer as she did not respond to the motion, dismissed plaintiff's cause of action for arrears.[4] Apparently unsure whether plaintiff did, in fact, seek arrears

**1.** The record contains Supreme Court's March 30, 1995 decision in which defendant was ordered to continue child support payments as set forth in the separation agreement until the parties could otherwise agree or until further order of the court. There is no indication that the court rescinded or modified this order prior to the issuance of the judgment of divorce.

**2.** Although Supreme Court's decision dated December 29, 1998 refers to an August 11, 1996 motion, our review of the record leads us to conclude the motion was filed in August 1997.

**3.** The motion also sought an order directing defendant to execute a deed, pay plaintiff's legal fees and make certain transportation arrangements for their children, and to establish child support. Supreme Court awarded child support to plaintiff in the amount of $100 per week.

**4.** Plaintiff's motion also set forth a request to compel defendant to execute a deed and for permission to amend his complaint, both of which were granted.

in the previous motion, the court stated that if plaintiff had raised the issue in the prior motion and it was denied, then plaintiff was barred from asserting the claim and, if he failed to raise it in the prior motion, he had waived the claim. Plaintiff now appeals.

Plaintiff's assertion that the August 1997 motion contained a demand for arrears is undisputed and apparent from our review of the record.[5] Hence, the relevant inquiry on this appeal is whether plaintiff was barred from pursuing the relief sought in a subsequent plenary action. Initially, we note that Supreme Court specifically declined to decide the merits of plaintiff's motion with respect to the arrears and directed plaintiff to commence a plenary action. Although it was not necessary for plaintiff to initiate a separate action (see, Domestic Relations Law § 244; Enck v Enck, 228 AD2d 999, 1000; see also, Taylor v Taylor, 251 AD2d 175; Curtis v Curtis, 132 AD2d 850), plaintiff was entitled to seek enforcement of the child support provision of the separation agreement since the merits of this claim had not been considered by Supreme Court (see, Siegel v Siegel, 197 AD2d 569, 570-571; cf., Sacks v Sacks, 220 AD2d 736, 737). Therefore, we conclude that Supreme Court's dismissal of plaintiff's cause of action for child support arrears was erroneous, especially in light of the court's previous instruction to plaintiff.

Mercure, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is modified, on the law and the facts, with costs to plaintiff, by reversing so much thereof as dismissed plaintiff's cause of action for arrears; matter remitted to Supreme Court for consideration of plaintiff's motion for summary judgment pertaining to child support arrears; and, as so modified, affirmed.

5. We note that the motion papers pertaining to Supreme Court's November 26, 1997 decision are not part of the record.