■ KWANG HEE LEE, Appellant-Respondent, v ADJMI 936 REALTY ASSOCIATES et al., Respondents-Appellants. [760 NYS2d 855] —In an action, inter alia, for a judgment declaring that the plaintiff is the owner of certain real property and that a deed purporting to transfer that property to the defendants is null and void, (1) the defendants appeal from an order of the Supreme Court, Kings County (Douglass, J.), dated November 16, 2001, which denied their motion to dismiss the action as abandoned pursuant to 22 NYCRR 202.48 and granted the plaintiff's cross motion for leave to enter judgment in the action more than 60 days after the signing and filing of the decision after trial, and (2) the plaintiff appeals from so much a judgment of the same court entered December 7, 2001, as dismissed his claim for the imposition of a constructive trust on the rents and profits of real property, and the defendants cross-appeal from so much of the same judgment as, after a nonjury trial, in effect, declared that the plaintiff is the owner of an undivided one-half interest in the real property and that

the deed purporting to transfer that property to them is null and void as to the plaintiff.

Ordered that the appeal from the order dated November 16, 2001, is dismissed without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal and cross appeal from the judgment (*see* CPLR 5501 [a] [1]).

In a written decision issued after a nonjury trial, the Supreme Court, inter alia, directed the submission of a judgment. Thereafter, the defendants moved, pursuant to 22 NYCRR 202.48 (b), to dismiss the action as abandoned based upon the plaintiff's failure, inter alia, to file the judgment as directed by the decision. In response, the plaintiff cross-moved for an order permitting the filing of the judgment beyond the time period allowed by 22 NYCRR 202.48. The Supreme Court denied the motion and granted the cross motion, finding that the plaintiff showed good cause for failing to timely file the judgment. We affirm.

Under the circumstances of this case, the Supreme Court providently exercised its discretion in allowing the late submission of the judgment.

The parties' remaining contentions are without merit. Florio, J.P., Luciano, Schmidt and Cozier, JJ., concur.