■ VICTORIA HOYT, Respondent, v JONATHAN C. HOYT, Appellant. [763 NYS2d 152] —Mercure, J. Appeals (1) from an order of the Supreme Court (Bradley, J.), entered March 7, 2002 in Ulster County, which, inter alia, granted plaintiff's motion for a protective order pursuant to CPLR 3103 (a), (2) from an order of said court, entered May 1, 2002 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint, (3) from an order of said court, entered August 8, 2002 in Ulster County, which, inter alia, granted plaintiff's motion for summary judgment on the issue of liability, and (4) from a judgment of said court, entered November 22, 2002 in Ulster County, which directed a hearing to be held to determine at which times the parties' minor child had previously resided with defendant.

In 1990, the parties, who were previously married, executed a separation agreement addressing all issues related to the marriage. In 2000, plaintiff commenced an action for divorce, the parties having lived apart pursuant to the separation agreement. Defendant initially answered, but then withdrew his answer, allowing for a default judgment of divorce. The judgment of divorce incorporated the separation agreement by reference, but the agreement did not merge into the judgment.

In 2001, plaintiff commenced this action to, among other things, enforce child support payments and medical benefits pursuant to the separation agreement. Following joinder of issue, defendant served two discovery demands upon plaintiff. Plaintiff then sought a protective order denying discovery and moved to vacate the discovery demands. Supreme Court granted the protective order, holding that the discovery demands were irrelevant and unnecessary. In addition,

Supreme Court denied defendant's subsequent motion for summary judgment.

Thereafter, plaintiff moved for summary judgment and defendant cross-moved to reargue or renew his previously denied motion for summary judgment and to dismiss the complaint. Supreme Court granted plaintiff summary judgment on the issue of liability and denied defendant's cross motions. The court then entered judgment directing that a hearing be held to determine the amount of time that the parties' son had resided with defendant. Defendant appeals from the judgment* and each of the three orders.

Initially, we reject defendant's argument that plaintiff's claim for child support under the parties' separation agreement is barred by the doctrines of res judicata or claim preclusion because she did not raise the issue in the prior divorce action. "The terms of a separation agreement incorporated but not merged into a judgment of divorce operate as contractual obligations binding on the parties" (*Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002] [citation omitted]; *see Merl v Merl*, 67 NY2d 359, 362 [1986]; *Antes v Miller*, 304 AD2d 892, 893 [2003]; *Matter of Talandis v Talandis*, 233 AD2d 689, 690 [1996]). Thus, "either party can bring a separate plenary action *after the divorce judgment*, in order to enforce the terms of a stipulation which is not merged in the judgment" (*Siegel v Siegel*, 197 AD2d 569, 570 [1993] [emphasis added]; *see Sacks v Sacks*, 220 AD2d 736, 737 [1995]). Indeed, this Court has expressly held that a party to such an agreement may bring an action, after a divorce judgment has been granted, for child support arrears that allegedly accumulated prior to the divorce under a separation agreement (*see Bukovinsky v Bukovinsky*, 270 AD2d 694, 695-696 [2000]). The cases relied upon by defendant in arguing that claim preclusion applies are inapposite—unlike the circumstances presented here, those cases barred actions for relief where the parties failed to litigate claims in a prior divorce action that were not addressed in a separation agreement (*see e.g. Boronow v Boronow*, 71 NY2d 284, 290-291 [1988]; *Zollner v Zollner*, 263 AD2d 454, 455 [1999]; *Cook v Cook*, 260 AD2d 160, 161 [1999], *lv dismissed, lv denied* 93 NY2d 994 [1999]).

Further, we perceive no error in Supreme Court's grant of summary judgment in plaintiff's favor on the issue of liability. A separation agreement that is incorporated but not merged

---

* Defendant has not briefed any issues related to the judgment and we therefore deem any such issues abandoned (*see Fraser v Fraser*, 295 AD2d 864, 865 n [2002]).

into a divorce decree remains a binding contract "unless impeached or challenged for some cause recognized by law" (*Merl v Merl, supra* at 362), such as "fraud, duress or wrongful conduct" (*Perretta v Perretta*, 203 AD2d 668, 669 [1994], *lv denied* 84 NY2d 809 [1994]; *see Lounsbury v Lounsbury*, 300 AD2d 812, 813-814 [2002]). Here, the agreement was signed and acknowledged by both parties and defendant does not allege that it is unconscionable or void. Defendant was therefore bound by the terms of the agreement, which he concededly violated. Inasmuch as defendant raised no triable issues of fact, summary judgment was properly granted.

Finally, there is no merit to defendant's argument that Supreme Court abused its discretion in vacating his discovery demands and directing instead that the parties conduct depositions and formulate specific documentary requests. A review of the record reveals that defendant's demands were unduly broad and burdensome and sought material that was largely irrelevant (*see Mitchell v Stuart*, 293 AD2d 905, 906 [2002]; *Matter of Andrews v Trustco Bank, N. A.*, 289 AD2d 910, 913 [2001]). We have considered defendant's remaining contentions, including his argument that Supreme Court erred in disregarding an irregularity in plaintiff's response to his motion to dismiss, and find them to be either meritless (*see* CPLR 2001) or not properly presented for our review.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the orders and judgment are affirmed, without costs.