■ VICTORIA V. HOYT, Respondent, v JONATHAN C. HOYT, Appellant. [795 NYS2d 766]—

Mercure, J.P. Appeals (1) from a judgment of the Supreme Court (Bradley, J.), entered February 25, 2004 in Ulster County, awarding plaintiff child support arrears and counsel fees, and (2) from an order of said court, entered June 18, 2004 in Ulster County, denying defendant's motion to dismiss the complaint.

As stated in our earlier decision in this matter (307 AD2d 621 [2003]), the parties executed a separation agreement in 1990 that included a provision requiring defendant to pay child support. The agreement was incorporated but did not merge into the parties' judgment of divorce, which was entered in July 2000. Plaintiff commenced this action in September 2001 to enforce the separation agreement, alleging that defendant had failed to pay child support since 1993. Deciding the parties' competing motions for summary judgment, Supreme Court issued an order partially granting plaintiff's motion and entered judgment directing a hearing to determine the period of time during which the parties' child had resided with defendant. Defendant appealed, among other things, from the order and judgment, both of which were affirmed by this Court (id.).

Supreme Court held the fact-finding hearing in March 2003,

after which the court rendered judgment against defendant for $53,928 plus interest. Defendant appeals from this judgment. He also appeals from the court's order denying his postjudgment motion, in which he sought dismissal of the complaint on various theories.

Initially, we reject defendant's argument that Supreme Court erred by precluding him from offering evidence at the fact-finding hearing that would have purportedly established his compliance with the separation agreement's child support requirements. This claim fails in light of defendant's acknowledgment in his appellate brief in his prior appeal in this matter that the only issue remaining after summary judgment was the time period during which the parties' child resided with defendant. Moreover, as this Court has already held that defendant "concededly violated" the separation agreement (*id.* at 623), collateral estoppel barred defendant from relitigating the issue (*see Schultz Constr., Inc. v Franbilt, Inc.,* 14 AD3d 895, 896 [2005]).

Further, we perceive no error in Supreme Court's handling of disclosure. Defendant's requests for financial information were vacated by Supreme Court's protective order, which was subsequently affirmed by this Court (307 AD2d 621, 623 [2003], *supra*). While defendant now claims that plaintiff failed to disclose certain financial records that he requested at a deposition, those records were neither subpoenaed prior to the deposition (*see* CPLR 3111) nor subject to a proper demand for discovery and inspection following the court's preclusion order (*see* CPLR 3120). Moreover, defendant failed to move to compel disclosure (*see* CPLR 3124), and thus, there is no Supreme Court order on this issue from which to appeal. Accordingly, defendant's contentions are not justiciable (*see* CPLR 5501 [a], [c]).

We also reject defendant's claim that Supreme Court erred in denying his postjudgment motion based on the splitting doctrine and plaintiff's alleged violation of 22 NYCRR 202.48. Defendant's "splitting" claim is based upon an alleged overlap in the relief sought by plaintiff in this action and in a proceeding she commenced in Family Court, which the parties settled for the sum of $20,000. The record is clear, however, that each court was assiduously aware of the concurrent proceedings in the other court, and that Supreme Court considered only plaintiff's prejudgment claims arising from the separation agreement, while the Family Court proceeding resolved only claims arising from obligations imposed by the judgment. Thus, defendant's claim that plaintiff was improperly litigating the same claim in different forums is without merit. Further, with

respect to defendant's claim related to 22 NYCRR 202.48, Supreme Court did not err in finding good cause nor abuse its discretion by accepting plaintiff's untimely submission of the judgment for signature (*see* 22 NYCRR 202.48 [b]; *Lee v Adjmi 936 Realty Assoc.,* 305 AD2d 638, 639 [2003]; *Russo v Russo,* 289 AD2d 467, 468 [2001]; *cf. Meldrim v Hill,* 260 AD2d 836, 839 [1999]).

Finally, we find that Supreme Court properly awarded plaintiff counsel fees. As a general rule, a trial court should not rely solely on affidavits, but should determine the reasonable amount of counsel fees through an adversarial hearing (*see Matter of Rogers v Rogers,* 161 AD2d 766, 767 [1990]). However, when the court broached the issue of counsel fees at the fact-finding hearing, defendant had this very opportunity. Moreover, he never objected to the admission of counsel's affirmation as evidence at the hearing, did not question plaintiff regarding counsel fees and did not present any evidence of his own on that issue (*see Matter of Birch v Sayegh,* 9 AD3d 514, 515 [2004]). Defendant's claim with respect to inefficient and redundant trial practice is also without merit. Plaintiff was entitled to commence two separate proceedings in two separate courts to enforce defendant's child support obligations, and it is clear that Supreme Court eliminated an overlapping award by subtracting counsel fees already awarded in the Family Court proceeding.

We have considered defendant's remaining arguments and find them to be similarly meritless.

Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment and order are affirmed, without costs.