■ ROBERT L. SHEETS et al., Respondents, v LIBERTY ALLIANCES, LLC, Appellant. [830 NYS2d 56]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered August 2, 2006, which denied those parts of defendant's motion seeking to vacate the note of issue and amend its answer so as to interpose counterclaims for fraud and negligent misrepresentation, and granted that part of the motion seeking to compel disclosure only to the extent of directing that plaintiff West's deposition be continued by telephone, unanimously modified, on the law and the facts, to vacate the note of issue, grant defendant leave to amend the answer as proposed, and direct West to return to New York for the completion of her deposition in person, and otherwise affirmed, without costs.

Plaintiffs' supplemental responses to defendant's demand for expert disclosure effectively admit the falsity of the alleged

representations, demonstrating strong merit to defendant's proposed counterclaims. Indeed, plaintiffs do not appear to argue otherwise. Nor do plaintiffs argue that defendant's delay in interposing the proposed counterclaims caused them prejudice in the sense of preventing them from taking a position they could have taken had the counterclaims been earlier interposed (*see Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23 [1981]). Instead, plaintiffs argue that the proposed counterclaims, which, we note, arise out of the same series of transactions as plaintiffs' complaint, should be rejected because defendant does not offer a reasonable excuse for waiting to interpose them until after disclosure had been completed in accordance with the schedule contained in the preliminary conference order, and the note of issue filed.

While we agree with plaintiffs that pleading amendments alleging new facts should not be freely granted after the close of disclosure as scheduled in a preliminary conference order, and should be subject to even closer scrutiny after the filing of a facially correct note of issue (*cf.* 22 NYCRR 202.12 [c] [2]; 202.21 [d], [e]), we disagree that defendant failed to reasonably explain the timing of its motion to amend. Defendant persuasively explains, consistent with its principals' deposition testimony, that it hesitated to move until plaintiffs' supplemental expert disclosure transformed what had been only a suspicion of fraud into a demonstrable claim in large part provable on the opinion of plaintiffs' own expert (*cf. Fonda v 157 E. 74th Co.*, 158 AD2d 297 [1990]; *Aetna Cas. & Sur. Co. v LFO Constr. Corp.*, 207 AD2d 274, 278 [1994]). The supplemental disclosure is dated February 28, 2006, the very date fixed by the August 10, 2005 preliminary conference order for the completion of disclosure; the note of issue was filed on March 1, 2006; and defendant's motion to amend its answer and vacate the note of issue was filed on March 14, 2006. There was no unreasonable delay here.

The record does not support plaintiffs' argument that irrelevant and otherwise improper questioning by defendant's attorney was the reason why plaintiff West's deposition was not completed over the course of the entire day it was conducted. Accordingly, we modify to direct the continuation of the deposition in person (*cf. Farrakhan v N.Y.P. Holdings*, 226 AD2d 133, 136 [1996]). To the extent defendant seeks to compel document production, it should make a motion therefor after noncompliance by plaintiffs with a CPLR 3120 notice (*see Hoyt v Hoyt*, 18 AD3d 1055, 1057 [2005]). Concur—Tom, J.P., Andrias, Friedman, Catterson and Kavanagh, JJ.