■ HEATHER DARCY BHANDARI et al., Appellants, v ISMAEL LEYVA ARCHITECTS, P.C., Respondent. [923 NYS2d 484]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered September 1, 2010, which granted defendant's motion to dismiss the complaint, unanimously modified, on the law, to deny the motion as to the causes of action for common-law fraud, and otherwise affirmed, without costs.

Plaintiffs' claims are not preempted by the Martin Act (General Business Law art 23-A) since, with respect to each cause of action in the complaint, plaintiffs allege not that defendant omitted to disclose information required under the Martin Act but that it affirmatively misrepresented, as part of the offering plan, a material fact about the condominium, i.e., the floor dimensions of certain units, including the one they purchased (*see Assured Guar. [UK] Ltd. v J.P. Morgan Inv. Mgt. Inc.*, 80 AD3d 293, 301 [2010]).

The complaint states a cause of action for common-law fraud by alleging that defendant knowingly made a material misrepresentation, purposefully inducing plaintiffs to rely on it, and that plaintiffs, among other things, purchased and prepared to move into the unit (*see Peach Parking Corp. v 346 W. 40th St., LLC*, 42 AD3d 82, 86 [2007]).

However, the complaint fails to state a cause of action for negligent misrepresentation because plaintiffs do not allege that defendant knew they were prospective buyers who would likely rely on its misrepresentations, or indeed that defendant knew of their existence (*see Sykes v RFD Third Ave. 1 Assoc., LLC*, 15 NY3d 370, 372-373 [2010]). Furthermore, the complaint fails to state causes of action under General Business Law §§ 349 and 350 since there are insufficient allegations of a broad impact on consumers at large. Concur—Andrias, J.P., Friedman, Freedman, Richter and Román, JJ.