(August 13, 2014)

■ AIR & POWER TRANSMISSION, INC., et al., Appellants, v ROBIN S. WEINGAST et al., Respondents. [992 NYS2d 46]—

In an action, inter alia, to recover damages for fraud, breach of fiduciary duty, and violation of General Business Law § 349, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Whelan, J.), dated June 6, 2012, which granted the separate motions of the defendants Robin S. Weingast and Robin S. Weingast & Associates, Inc., and the defendant Designs For Finance, Inc., to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a), and (2) an order of the same court dated September 25, 2012, which granted the separate motion of the defendant Massachusetts Mutual Life Insurance Company to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a).

Ordered that the orders are affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Air & Power Transmission, Inc., is a small business owned by the plaintiff John F. Barone. The plaintiffs Richard F. Barone and Kenneth Barone were employees of Air & Power Transmission, Inc. In August 2011, the plaintiffs commenced this action, alleging that the defendants Robin S. Weingast and Robin S. Weingast & Associates, Inc., insurance brokers and consultants, marketed an Internal Revenue Code § 419 (e) Single Employer Trust Employee Welfare Benefits Plan (hereinafter the BETA Plan), to them. The defendant Massachusetts Mutual Life Insurance Company issued the life insurance policies that funded the subject BETA Plan. The defendant Designs For Finance, Inc., was the sponsor of the subject BETA Plan. According to the complaint, the plaintiffs relied upon the defendants' representations that the insurance premiums were fully tax deductible. However, in October 2007, the Internal Revenue Service published a ruling that effectively disallowed deductions for payment of premiums under the BETA Plan. Thereafter, the plaintiffs were audited and became subject to federal and state tax adjustments on their tax returns. Additionally, the plaintiffs alleged that, without the tax deductions, they were unable to afford the policies and were forced to sell them at a substantial loss.

The Supreme Court properly directed the dismissal of the causes of action to recover damages for fraud, breach of fiduciary duty, and negligence pursuant to CPLR 3211 (a) (1). A mo-

tion to dismiss a complaint based on documentary evidence pursuant to CPLR 3211 (a) (1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Harris v Barbera*, 96 AD3d 904, 905 [2012]; *Paramount Transp. Sys., Inc. v Lasertone Corp.*, 76 AD3d 519, 520 [2010]). Here, the documentary evidence submitted by the defendants included forms signed by or on behalf of the plaintiffs that contained specific disclaimer provisions, pursuant to which the plaintiffs expressly acknowledged that the defendants were not authorized to provide tax advice, and that they would not rely on any such advice provided. These forms conclusively established the defendants' defense to the fraud, breach of fiduciary duty, and negligence causes of action (*see Cathy Daniels, Ltd. v Weingast*, 91 AD3d 431, 433 [2012]; *Jeffrey Rapaport M.D., P.A. v Robin S. Weingast & Assoc., Inc.*, 859 F Supp 2d 706, 716-717 [D NJ 2012]; *Eaves v Designs for Finance, Inc.*, 785 F Supp 2d 229, 249-250 [SD NY 2011]; *see also Danann Realty Corp. v Harris*, 5 NY2d 317, 320 [1959]; *Natoli v NYC Partnership Hous. Dev. Fund Co., Inc.*, 103 AD3d 611, 612-613 [2013]). Additionally, the Supreme Court properly directed the dismissal of the cause of action for rescission, as it was asserted pursuant to CPLR 3002 (e) as alternative relief for the alleged fraud (*see Angel v Bank of Tokyo-Mitsubishi, Ltd.*, 39 AD3d 368, 369-370 [2007]).

Additionally, the complaint failed to state a viable cause of action against the defendants to recover damages for a violation of General Business Law § 349. The elements of a cause of action to recover damages for deceptive business practices under General Business Law § 349 are that the defendant engaged in a deceptive act or practice, that the challenged act or practice was consumer-oriented, and that the plaintiff suffered an injury as a result of the deceptive act or practice (*see Stutman v Chemical Bank*, 95 NY2d 24, 29 [2000]; *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]). Accepting the facts as alleged in the complaint as true, and according the plaintiffs the benefit of every possible favorable inference, as required on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) (*see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the conduct complained of was not consumer-oriented, as it did not affect consumers at large (*see Cathy Daniels, Ltd. v Weingast*, 91 AD3d at 435; *Eaves v Designs for Finance, Inc.*, 785 F Supp 2d at 266; *see also Yellow Book Sales & Distrib. Co., Inc. v Hillside Van Lines, Inc.*, 98 AD3d 663, 665 [2012]; *Vescon*

*Constr., Inc. v Gerelli Ins. Agency, Inc.,* 97 AD3d 658, 659 [2012]).

Further, the cause of action to recover damages for unjust enrichment is a quasi contract claim and, therefore, is not viable against the defendants where, as here, the parties entered into express agreements (*see Woss, LLC v 218 Eckford, LLC,* 102 AD3d 860, 862 [2013]; *Shovak v Long Is. Commercial Bank,* 50 AD3d 1118, 1120 [2008]).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Mastro, J.P., Chambers, Lott and Roman, JJ., concur.