Matter of Testani v Russell & Russell, LLC (2022 NY Slip Op 02592)

Matter of Testani v Russell & Russell, LLC

2022 NY Slip Op 02592

Decided on April 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 21, 2022

532764
[*1]Rocco J. Testani Jr. et al., Appellants,
v
Russell & Russell, LLC et al., Respondents.

Calendar Date:February 16, 2022

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Mackenzie Hughes LLP, Syracuse (Christopher A. Powers of counsel), for appellants.
Winget, Spadafora & Schwartzberg LLP, New York City (Matthew Tracy of counsel), for Russell & Russell, LLC and others, respondents.
Sichenzia Ross Ference LLP, New York City (Owen A. Kloter of counsel), for Fifth West Insurance & Investments, LLC and another, respondents.
Barclay Damon LLP, Syracuse (James P. Evans of counsel), for National Life Group, respondent.

Ceresia, J.
Appeal from an order of the Supreme Court (Masler, J.), entered December 18, 2020 in Broome County, which granted defendants' motions to dismiss the complaint.
Plaintiffs Rocco J. Testani Jr., Joseph A. Testani and Louise Callahan are siblings and members of plaintiff Testani Properties, LLC. For a number of years, plaintiffs engaged defendants Russell & Russell, LLC, Frederick Russell and Derek Russell (hereinafter collectively referred to as the Russell defendants) to manage their investment portfolio. Frederick Russell recommended that plaintiffs meet with defendant Robert E. Romero, president of defendant Fifth West Insurance & Investments, LLC (hereinafter collectively referred to as the Romero defendants) and an agent of defendant National Life Group, doing business as National Life Insurance Company (hereinafter NLIC), to discuss obtaining new whole life insurance policies as investment vehicles, and to arrange premium financing for those policies. Plaintiffs and their attorney consulted with the Russell defendants and the Romero defendants for several months about the potential investment. Ultimately, Rocco Testani and Joseph Testani (hereinafter collectively referred to as the Testanis) proceeded with the purchase of whole life insurance policies from, respectively, NLIC and nonparty Penn Mutual Life Insurance Company. After twice renewing the policies, the Testanis, dissatisfied with the return on their investment, decided not to renew the policies for a third time.
Plaintiffs thereafter commenced this action for fraud, breach of fiduciary duty and unjust enrichment. Following commencement, all defendants moved to dismiss the complaint. Defendants sought dismissal of the fraud and breach of fiduciary duty causes of action for failure to state a cause of action (see CPLR 3211 [a] [7]). The Romero defendants and NLIC also moved to dismiss these two causes of action based on a defense founded upon documentary evidence (see CPLR 3211 [a] [1]), an argument that the Russell defendants adopted in their reply papers. Supreme Court granted dismissal of these causes of action based upon documentary evidence. As for the unjust enrichment cause of action, defendants sought, and the court granted, dismissal of this claim on the basis that, among other things, it was duplicative of the other causes of action. Plaintiffs appeal, and we affirm.
As a preliminary matter, Supreme Court did not err when it permitted the Russell defendants to adopt their codefendants' CPLR 3211 (a) (1) argument. Plaintiffs contend that they were prejudiced because the Russell defendants did not adopt said position until filing their reply papers. Although it is true that, generally, the purpose of reply papers is to address arguments raised in opposition to a motion and not to introduce new arguments (see Gulledge v Jefferson County, 194 AD3d 1155, 1156 [2021]), a court may exercise its discretion to consider a claim raised for the first time in a reply when [*2]the other party has had an opportunity to respond to it (see Pizarro v Dennis James Boyle, Inc., 180 AD3d 596, 596 [2020];Matter of Kennelly v Mobius Realty Holdings LLC, 33 AD3d 380, 382 [2006]). The Romero defendants and NLIC both moved for dismissal pursuant to CPLR 3211 (a) (1)in their initial moving papers, and plaintiffs had the opportunity to, and in fact did, respond to this groundin their opposition to those motions. Plaintiffs have identified no argument or evidence that they would have advanced against the Russell defendants, as distinct from the other defendants, had this argument been set forth in the Russell defendants' initial moving papers.
Turning to the fraud cause of action, a claim such as the one alleged here — for fraudulent inducement in the insurance context — requires allegations of "a misrepresentation or material omission by [the] defendants that induced [the] plaintiffs to purchase the policies, as well as scienter, reliance and injury" (Gaidon v Guardian Life Ins. Co. of Am., 94 NY2d 330, 348 [1999] [internal quotation marks and citations omitted]). Plaintiffs alleged that defendants committed fraud by failing to advise them of the results of the Testanis' physical examinations, performed as part of the issuance of the policies, and by failing to disclose the extent to which those physical examinations negatively impacted the policies' costs and their soundness as investment vehicles. In order to obtain dismissal of this claim pursuant to CPLR 3211 (a) (1), defendants were required to submit documentary evidence utterly refuting the factual allegations underlying the claim and conclusively disposing of it as a matter of law (see Shah v Mitra, 171 AD3d 971, 973 [2019]).
In support of their motions, defendants submitted, among other things, the insurance applications signed by the Testanis, the corresponding insurance illustrations and a hold harmless agreement. The applications indicated that medical examinations would be required, and the illustrations contained disclaimers stating that the projections contained thereinwere subject to change depending upon the outcome of the underwriting process, which would be based upon factors including health history. The illustrationsalso included disclaimers indicating that there were risks involved in premium financing. The hold harmless agreement contained an acknowledgment that premium financing transactions are complex and that the illustrations provided did not constitute guarantees of performance.
This documentary evidence defeats the element of reasonable reliance, inasmuch as a party claiming fraudulent inducement cannot be said to have justifiably relied upon an alleged misrepresentation that is flatly contradicted by a written disclaimer (see Air & Power Transmission, Inc. v Weingast, 120 AD3d 524, 525 [2014]; Cathy Daniels, Ltd. v Weingast, 91 AD3d 431, 433 [2012]; KSW Mech. Servs., Inc. v Willis of N.Y., Inc., 63 AD3d 411, 412 [2009]). The Testanis, [*3]who were sophisticated investors, could not have reasonably relied upon defendants' alleged silence and/or misrepresentations concerning the impact of their physical examinations in light of the disclaimers referenced above. Accordingly, Supreme Court properly dismissed plaintiffs' fraud claim.
Next, with regard to the cause of action for breach of fiduciary duty, this claim requires the existence of a fiduciary relationship, misconduct by the defendants and damages directly caused by the misconduct (see Delibasic v Manojlovic, 174 AD3d 1096, 1096 [2019]). Plaintiffs alleged that the Russell defendants, as financial advisors, breached their fiduciary duty by fraudulently misrepresenting the financial risks of the policies and failing to offer other alternatives. Such allegations of misconduct are refuted by the above-described documentary evidence, which warned plaintiffs of potential risks as well as possible negative consequences to their investment. Thus, this claim was also appropriately dismissed. Finally, Supreme Court correctly concluded that the unjust enrichment cause of action should be dismissed as it was essentially grounded in the same allegations of misconduct as set forth in, and was therefore duplicative of, the fraud and breach of fiduciary duty claims (see International Dev. Inst., Inc. v Westchester Plaza, LLC, 194 AD3d 411, 412-413 [2021]).
Egan Jr., J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with one bill of costs.