Board of Mgrs. of the 432 Park Condominium v 56th & Park (NY) Owner, LLC (2026 NY Slip Op 00609)

Board of Mgrs. of the 432 Park Condominium v 56th & Park (NY) Owner, LLC

2026 NY Slip Op 00609

Decided on February 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 10, 2026

Before: Kennedy, J.P., Scarpulla, Gesmer, Mendez, Hagler, JJ. 

Index No. 655617/21, 595204/22, 595923/22, 595956/22, 595257/23, 595301/23, 595305/23|Appeal No. 5800|Case No. 2025-02927|

[*1]Board of Managers of the 432 Park Condominium etc. et al., Plaintiffs-Appellants,
v56th and Park (NY) Owner, LLC, Defendant-Respondent, Ryan Harter et al., Defendants.

56th and Park (NY) Owner, LLC, Third-Party Plaintiff-Respondent,
vLend Lease (US) Construction LMB Inc. et al., Third-Party Defendants, SLCE Architects LLP et al., Third-Party Defendants-Respondents, [And Six Other Third-Party Actions.]

Oved & Oved LLP, New York (Glenn Lenihan of counsel), for appellants.
Herbert Smith Freehills Kramer (US) LLP, New York (Ronald S. Greenberg of counsel), for 56th and Park (NY) Owner, LLC, respondent.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Lorin A. Donnelly of counsel), for SLCE Architects LLP, respondent.
Zetlin & De Chiara LLP, New York (Jaimee L. Nardiello of counsel), for WSP USA Buildings, Inc., respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about April 17, 2025, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion pursuant to CPLR 3025(b) for leave to file a third amended complaint to assert claims for fraud against defendant/third-party plaintiff 56th and Park (NY) Owner, LLC and third-party defendants SLCE Architects LLP and WSP USA Buildings, Inc. and for aiding and abetting fraud against WSP USA Buildings, Inc., unanimously reversed, on the law, without costs, and the motion granted.
Plaintiffs commenced this construction defects action against the owners/sponsors and construction professionals connected with building the condominium located at 432 Park Avenue, New York, New York. In their second amended complaint dated May 9, 2023, plaintiffs asserted claims, among others, for: (1) breach of the offering plan against the sponsor, (2) breach of fiduciary duty against Harry Macklowe by the commercial board, (3) breach of the offering plan and purchase agreements against the sponsor on behalf of the residential unit owners, (4) breach of fiduciary duty against Macklowe by the residential board, (5) breach of the offering plan and purchase agreements against the sponsor on behalf of the commercial unit owners, and (6) breach of fiduciary duty against Macklowe by the commercial board. Approximately 18 months later plaintiffs moved under CPLR 3025(b) for leave to file a third amended complaint, asserting new claims for fraud and aiding and abetting fraud against some of the defendants and third-party defendants.
Supreme Court's denial of plaintiffs' motion for leave to amend based on the delay that would result from the need for additional discovery and the prejudice it would cause to the nonappearing third-party defendants was an improvident exercise of the court's discretion. The need for additional discovery pre-note of issue is insufficient to show prejudice for the purposes of denying leave to amend under CPLR 3025(b) (see e.g. Shareholder Representative Servs. LLC v NASDAQ OMX Group, Inc., 176 AD3d 632, 633 [1st Dept 2019]). Further, defendants will not be prevented "from taking a position they could have taken had the [claims] been earlier interposed" (Sheets v Liberty Alls., LLC, 37 AD3d 170, 171 [1st Dept 2007]). Plaintiffs provided a reasonable excuse for the purported delay by explaining that they did not seek to amend the fraud-based claims until they had obtained evidence of defendants' alleged scienter with respect to the affirmative misrepresentations in the offering plan and in correspondence to the New York City Department of Buildings (DOB) (id.).
The proposed claims for fraud and aiding and abetting fraud in the third amended complaint are not palpably devoid of merit (see Bhandari v Ismael Leyva Architects, P.C., 84 AD3d 607, 608 [1st Dept 2011]; see also William Doyle Galleries, Inc. v Stettner, 167 AD3d 501, 503 [1st Dept 2018]). Plaintiffs adequately allege that not only are there significant problems with the building's faÇade, as alleged in the second amended complaint, but also that SLCE and WSP knew about the problems, failed to address them, and affirmatively misrepresented the condition in the offering plan and in a letter presented to the DOB. Whether the fraud-based claims could have been discovered earlier and may be time-barred under the statute of limitations is a fact-intensive inquiry that should be resolved on a fuller record.
In addition, in finding that the commencement of a new action would not prejudice plaintiffs, the court did not consider that plaintiffs would be deprived of any potential reliance on the relation back doctrine under CPLR 203(f). Although plaintiffs did not raise the relation back doctrine in their papers before the court, where, as here "a party raises a legal argument for the first time on appeal, as long as the issue is determinative and the record on appeal is sufficient to permit review, this Court may consider the new argument" (Watson v City of New York, 157 AD3d 510, 511 [1st Dept 2018]). Application of the relation back doctrine under CPLR 203(f) and Buran v Coupal (87 NY2d 173 [1995]) should also be addressed on the merits and upon a fuller record.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2026